# UNITED STATES BANKRUPTCY APPELLATE PANEL
# FOR THE FIRST CIRCUIT

---

**BAP No. NH 99-012**

---

**IN RE: JOSEPH S. HAAS, JR.,**
**Debtor.**

---

**JOSEPH S. HAAS, JR.,**
**Appellant,**

**v.**

**LARRY SUMSKI, TRUSTEE,**
**Appellee.**

---

**Appeal from the United States Bankruptcy Court**
**for the District of New Hampshire**
**(Hon. Mark W. Vaughn, U.S. Bankruptcy Judge)**

---

**Before**
**Queenan, Kenner and Feeney, U.S. Bankruptcy Judges**

---

**Joseph S. Haas, Jr., on brief for the appellant.**

**Lawrence P. Sumski, on brief for the appellee.**

---

**October 21, 1999**

---

**Per Curiam.**

## I. INTRODUCTION

The matter before the Bankruptcy Appellate Panel is the "Appeal" filed by Joseph Sanders Haas, Jr., a Chapter 13 Debtor ("Haas" or the "Debtor"), on January 29, 1999 from one or more orders of the United States Bankruptcy Court for the District of New Hampshire.[1] After reviewing the record on appeal and applicable law, for the reasons discussed below, the Panel affirms the bankruptcy court's order dismissing the case and dismisses all other appeals as untimely and for lack of jurisdiction.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The Debtor filed his Chapter 13 Petition on May 13, 1998. Throughout the pendency of his case the Debtor appeared *pro se.*

Prior to 1979, Haas was the owner of real estate in Ashland, New Hampshire (the "Property"). In 1979, Haas transferred the Property to a corporation known as Cathedral of the Beechwoods, Inc., a corporation in which Haas had an interest. On December 8, 1993, Haas's interest in the corporation was sold by sheriff's sale. Brian Shedd ("Shedd") purchased the Debtor's interest at the sale. Litigation followed in New Hampshire Superior Court for

---

[1] As will be discussed *infra*, the Debtor, in his "Appeal" indicates that the Debtor is appealing the order of the bankruptcy court dated January 20, 1999 dismissing his Chapter 13 case. However, it is unclear what other orders the Debtor is appealing although it is clear that the Debtor is aggrieved by the events of his Chapter 13 case.

Crafton County.  On March 10, 1997 the state court issued a judgment quieting title to the Property and declared that Shedd held title to the property.

In his Schedules of Assets, Schedule A, the Debtor listed an ownership interest in the Property.  In response to questions 6 and 10 of the Statement of Financial Affairs, the Debtor referenced the state court litigation with Shedd in the New Hampshire Superior Court as well as the New Hampshire Supreme Court.

The Debtor filed a Chapter 13 Plan on May 27, 1998.  He filed an adversary complaint against Shedd on May 29, 1998.  In his complaint, the Debtor sought to avoid the transfer of the Property to Shedd as a fraudulent conveyance and sought turnover of the Property to his estate.  Thereafter, Shedd filed a motion for relief from stay through which he sought to evict the Debtor from the Property.  The Debtor filed an objection to the motion.  The bankruptcy court allowed the motion on September 8, 1998, and ordered that the Debtor remove his personal property from the Property by September 22, 1998.  The Debtor filed a motion for reconsideration of the order granting Shedd's motion for relief from stay, which the bankruptcy court denied.

The bankruptcy court held a hearing on November 8, 1998, at which it considered the issue of whether the Debtor had standing to pursue the fraudulent conveyance action against Shedd.  At the hearing the Chapter 13 trustee indicated that he had no interest in

3

pursuing the action as it was of no value to the estate. The trustee represented that he would abandon the cause of action if necessary. The Debtor consented to the trustee's proposal of abandonment. Thereafter, the Chapter 13 trustee filed a "Motion to Approve Abandonment" which the bankruptcy court granted by endorsement order dated November 19, 1998. Thereafter, the Debtor filed an "Objection to Motion to Approve Abandonment" which the bankruptcy court treated as a motion for reconsideration. The court dismissed the motion for reconsideration and again approved the abandonment in a separate order dated December 30, 1998.

The Chapter 13 trustee filed a motion to dismiss the case or convert it to Chapter 7 on November 12, 1998. In the motion, the trustee alleged that: 1) the Debtor was delinquent in his plan payments; 2) the success of the Debtor's plan was dependent upon the outcome of litigation that had inconsequential value; and 3) the Debtor failed to disclose assets in his bankruptcy case, making it impossible to determine the liquidation value of his estate. On November 12, 1998, the bankruptcy court issued a notice of hearing on the motion to dismiss or convert and scheduled a hearing for January 15, 1999. The Debtor did not file an objection to the motion to dismiss or convert in accordance with LBR 7012(b)(2) and (c).[2] Both the Chapter 13 trustee in his brief and the Debtor in

---

[2] The pertinent text of the local rule is set forth *infra* at page 8.

his "Appeal" acknowledged that, due to a snowstorm, the court was closed on January 15, 1999. On January 20, 1999, the bankruptcy court held a hearing on the motion to dismiss or convert and entered an order dismissing the case. The "Order of the Court - Proceeding Memo" of the hearing held on January 20, 1999 indicates the Attorney Lawrence Sumski appeared for the Chapter 13 trustee and that Attorney Geraldine Karonis appeared for the United States Trustee telephonically. The Proceeding Memo does not reflect that the Debtor attended the hearing. On that date, the court also entered an order denying confirmation of the Debtor's Plan.

The Debtor includes in his Appendix a copy of a pleading dated January 11, 1999 entitled "Amended Plan." The Amended Plan does not appear on the bankruptcy court's docket. In the Amended Plan, the Debtor requests "a halt to this [sic] dismissal of Chapter 13 or conversion to Chapter 7 since a new trustee will [pursue the adversary complaint against Shedd]." The Debtor also includes in his Appendix a purported pleading dated December 3, 1998 entitled "Motion for Monitor Hearing," which like his "Appeal" is far from clear. It appears to be addressed to Geraldine Karonis, Assistant United States Trustee. In the Motion, which is difficult to understand, the Debtor requests information about the United States Trustee, Attorney Karonis, Attorney Sumski, certain events in his case, and further expresses his dissatisfaction with the allowance of the motion to approve abandonment. The bankruptcy court docket

5

does not reflect that this pleading was ever filed with the bankruptcy court.

On January 29, 1999, the Debtor filed a pleading entitled "Appeal." It is far from clear which orders the Debtor is appealing because the pleading is difficult to understand. The only fact that is clear is that the Debtor expressly appealed the orders of the bankruptcy court "dismissing the case and plan." In the pleading, the Debtor stated that he had not yet received "any reply" to the Amended Plan or Motion for Monitor Hearing. It is impossible to ascertain what relief he requests of the Panel with respect to those motions. The Debtor may be seeking to appeal the orders denying the motions to reconsider and dismiss Shedd's motion for relief from stay, which orders were entered on September 14, 1998 and September 16, 1998. In the "Appeal," the Debtor also referenced his claim of homestead on the Property and a cover letter to the Bankruptcy Court Clerk dated March 13, 1998.[3] It is unclear what action he requests the Panel to take with respect to either of the documents, which are not orders of the bankruptcy court. The Debtor further states that he has been denied due process, apparently because he was not successful in his complaint against Shedd, whereas another litigant in a case the Debtor believes is similar to his was successful before the late Judge Yacos. It is not clear what relief the Debtor

---

[3] There is no letter dated March 13, 1998 in the record on appeal.

requests of the Panel.

## III. JURISDICTION

The Bankruptcy Appellate Panel has jurisdiction to hear appeals from final judgments orders and decrees issued by bankruptcy courts in the same manner as civil appeals taken from district courts to the courts of appeals and within the time limitations imposed by Rule 8002 of the Federal Rules of Bankruptcy Procedure. 28 U.S.C. § 158(a)(1); Fed. R. Bankr. P. 8001. Rule 8002 states the a "notice of appeal shall be filed within 10 days of the date of the entry of the judgment, order or decree appealed from." Fed. R. Bankr. P. 8002. The dismissal of a Debtor's Chapter 13 case is a final judgment. See In re Molinary, Slip. Op. No. 98-090 at 7 (B.A.P. 1st Cir. July 8, 1999).

## IV. DISCUSSION

An appellant has the burden of showing that the bankruptcy court's order is in error, and must point to the appropriate sections of the record, including the transcript of the relevant hearings, to support a claim of error. In re Grey, 902 F. 2d 1429 (10th Cir. 1990). A party who fails to object to a motion in the bankruptcy court waives any argument on appeal that the bankruptcy court erred in granting the motion. See In re Papatones, 143 F. 3d 23 (1st Cir. 1998); In re Image Worldwide, Ltd., 139 F. 3d 574 (7th

7

Cir. 1998); <u>Matter of Novack</u>, 39 F.2d 1274 (5th Cir. 1981).  Issues not raised or resolved in the bankruptcy court will not be considered on appeal.  See <u>Taylor v. Freeland & Kronz</u>, 503 U.S. 638 (1992); <u>Jeffrey v. Desmond</u>, 70 F. 2d 183 (1st Cir. 1995).

The allowance of a motion to dismiss will be reversed only if the appellant establishes that the bankruptcy court committed a clear abuse of discretion. <u>In re Molinary</u>, *supra*, at 9 (citations omitted).  "An abuse of discretion occurs when a relevant factor deserving of significant weight is overlooked, or when an improper factor is accorded significant weight, or when the court considers the appropriate mix of factors, but commits a palpable error of judgment in calibrating the decisional scales."  <u>United States v. Roberts</u>, 978 F.2d 17, 21 (1st Cir. 1992).

In his brief, the Debtor presents his appeal as a "fraudulent transfer," complaining of the bankruptcy court's "refusal to provide 'equal' rights," and requesting that the Panel: 1) order the bankruptcy court to find that the Property is property of the estate; and 2) order the trustee to hire an independent appraiser. For the reasons set forth below, we hold that the Debtor presents no valid reasons for reversing any of the bankruptcy court's decisions in this case or for the Panel to order the relief he requests.

Rule 7102(b)(2) of the Local Rules of the United States Bankruptcy Court for the District of New Hampshire provides:  "An

answer or response to every motion shall be filed with the Court." In addition, Local Rule 7102(c) provides: "Except as otherwise required by law or order of the Court, every objection, except objections to summary judgment motions, shall be filed within ten (10) days from the date the motion is filed .... The Court shall deem waived any objection not filed in accordance with this rule."

The Debtor failed to file an objection to or rebut the allegations of the trustee's motion to dismiss or convert. Accordingly, pursuant to Local Rule 7102(c), the Debtor waived any objection or the opportunity to be heard in opposition to the motion to dismiss or convert in the bankruptcy court. We conclude that the bankruptcy court did not abuse its discretion in allowing the motion to dismiss where the Debtor did not rebut the trustee's allegations, and did not file an opposition as required by the local rule. In light of the Debtor's failure to oppose the motion in the bankruptcy court as required by the local rules, the Debtor cannot now be heard to complain of the allowance of the motion where he failed to file a written opposition as required by the local rule.

The Debtor has failed to present any ground or reason for reversal of the bankruptcy court's decision dismissing his case. He has not argued that there was no cause for dismissal or conversion, and has not provided a transcript of the relevant hearing on the motion to dismiss. He has not satisfied his burden of proving error in the order of dismissal. Instead, he merely

9

complains, in a confusing fashion, that he has been precluded from pursuing his claim against Shedd in his Chapter 13 case.  This is not a ground for reversing the bankruptcy court's order dismissing the case. Moreover, the Debtor's assertion is inconsistent with the record of proceedings in the case in light of the abandonment of any claim against Shedd to the Debtor.

The Debtor also appeals from the order denying confirmation of his plan, which the bankruptcy court entered on the same day as the dismissal order.  The bankruptcy court properly denied confirmation of the Debtor's Plan because his plan became moot upon the dismissal of the case.

The Debtor also complains of error in the bankruptcy court's denial of his motion to reconsider the order granting Shedd's motion for relief from stay, entered on September 14, 1998, and the denial of his motion to dismiss Shedd's motion for relief from stay, entered on September 16, 1998. Rule 8002(a) provides that a "notice of appeal shall be filed within 10 days of the date of the entry of the judgment, order or decree appealed from." Fed. R. Bankr. P. 8002(a). The filing of a notice of appeal within these time limitations is jurisdictional.  Browder v. Director, Dep. Of Corrections of Illinois, 434 U.S. 257, 264 (1978).

The Debtor's "Appeal" of these orders was filed on January 29, 1999 beyond the ten-day time limit. Thus, the Panel lacks jurisdiction to review these orders of the bankruptcy court.

10

Accordingly, the Debtor's appeal of the orders entered on September 14 and 16, 1998 is dismissed.

Finally, in his notice of appeal the Debtor makes reference to a cover letter sent to the Clerk of the bankruptcy court and his claim of homestead in the Property. It is unclear what grievance the Debtor is pursuing with respect to these matters. Apparently, the Debtor is aggrieved that the letter and his claim of homestead did not effectuate the return of the Property to him. The jurisdiction of the Bankruptcy Appellate Panel is to decide appeals from final orders. 28 U.S.C. § 158(a)(1). There were no orders of the bankruptcy court, final or otherwise, relating to the Debtor's claim of homestead or his letter to the bankruptcy court Clerk. The court took no action on either the letter or the claim of homestead. Accordingly, this Court has no jurisdiction over any appeal relating to the homestead or letter to the Clerk.

Accordingly, the bankruptcy court's order entered on January 20, 1999 is AFFIRMED. The remainder of the Debtor's appeals are DISMISSED.